UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THEODORE JARREU | CIVIL ACTION |
| VERSUS | NO. 16-12417 |
| JANSSEN PHARMACEUTICALS, INC., ET AL. | SECTION "R" (5) |

# ORDER AND REASONS

Before the Court is defendants' motion to dismiss for failure to prosecute.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Theodore Jarreau asserts that he suffered injuries after ingesting allegedly unsafe prescription drugs, including Risperdal, Risperdal Consta, Invega, and/or Risperidone.[2] On July 5, 2016, plaintiff filed a complaint against defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, Janssen Research & Development, LLC, Patriot Pharmaceuticals, LLC, Breen Distribution, Inc., and Vintage Pharmaceuticals, LLC.[3] Defendants Breen Distribution and Vintage Pharmaceuticals have since been

---

1    R. Doc. 41.
2    R. Doc. 1 at 3.
3    *Id.* at 1-2.  Vintage Pharmaceuticals was incorrectly named as Endo Pharmaceuticals, Inc.  *See* R. Doc. 41-1 at 2 n.1.

dismissed from the case.[4] The remaining defendants now move to dismiss the complaint for failure to prosecute.[5] Plaintiff has not responded to this motion.

## II. DISCUSSION

The Court may dismiss a claim for failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). The record before the Court clearly indicates that plaintiff has failed to prosecute this case. On April 5, 2017, the Court permitted plaintiff's attorneys to withdraw as counsel.[6] That same day, the Court issued an order to show cause and ordered plaintiff to appear personally at a hearing on April 19, 2017 to discuss his future representation.[7] A copy of this order was mailed to plaintiff by certified mail, and he signed a return receipt.[8] The Court's order warned plaintiff that his failure to appear could result in dismissal of the complaint.[9]

---

[4] R. Doc. 8; R. Doc. 38.
[5] R. Doc. 41.
[6] R. Doc. 34.
[7] R. Doc. 35.
[8] R. Doc. 36.
[9] R. Doc. 35 at 1.

Plaintiff failed to appear at the scheduled Show Cause hearing.[10] The Court ordered the matter to proceed with plaintiff, in proper person.[11] On May 11, 2017, plaintiff failed to participate in a preliminary scheduling conference.[12] Plaintiff did not contact the Court to explain his failure to appear at either the Show Cause hearing or the preliminary conference. Further, defendants' counsel represents that plaintiff has failed to respond to discovery requests, failed to participate in a discovery conference, and has not provided defendants' counsel with current contact information.[13] Defendants have provided copies of their discovery requests and certified mail receipts.[14] Plaintiff has not responded to defendants' motion, and has not provided any excuse for his failure to participate in this litigation.

The Court thus dismisses plaintiff's complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court dismisses the complaint with prejudice because the record demonstrates a clear record of delay caused by the plaintiff himself rather than his attorney. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Plaintiff has taken no action in this case for over six months, and has ignored scheduled

---

10     R. Doc. 37.
11     *Id.*
12     R. Doc. 40.
13     R. Doc. 41-1 at 2-4.
14     R. Doc. 41-3; R. Doc. 41-4; R. Doc. 41-5; R. Doc. 41-6; R. Doc. 41-7.

hearings and conferences with the Court and discovery requests from defendant. The Court further finds that lesser sanctions will not prompt diligent prosecution. *See id.* The Court previously warned plaintiff that his failure to appear at the Show Cause hearing could lead to dismissal of his complaint.[15] Plaintiff did not respond to the Court's order or to defendants' motion to dismiss, and appears to have no interest in continuing this litigation.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __28th__ day of December, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 35 at 1.